### F. Lacroix et al *v.* The City of New Orleans.

The Common Council of New Orleans authorized the Mayor to appoint "a commissioner, expert or arbitrator " to meet an arbitrator of the plaintiff, and value a piece of land which plaintiff proposed to sell to the city. The two commissioners assessed the value at $10,000, and reported accordingly, and the Mayor recommended payment of that sum, but the city never paid it.

*Held:* there is a wide difference between an expert and an arbitrator, and between both and a commissioner. But in whatever capacity the referees acted, there was nothing in the record to show that they bound the city to pay anything.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Train* and *Collins*, for plaintiff. *Livingston*, for defendant and appellant.

Spofford, J. The petitioners allege that, in 1840, the city of New Orleans took possession of a tract of land belonging to them, and used it for opening, laying out and improving certain streets and public places; that on the 26th March, 1853, the Common Council of the city authorized the *Hon. A. D. Crossman*, then Mayor, to appoint a commissioner, expert or arbitrator, to meet an arbitrator or commissioner in behalf of plaintiffs, to view and examine said piece of land, and to value the same; that the two commissioners, under oath, assessed the value of the land at $10,000, and made a notarial report thereof, which is annexed to the petition; that afterwards *Mayor Crossman* recommended the payment of this sum, but the city never would pay it.

Wherefore, they pray that the city be cited to show cause why the report of these "experts, commissioners or arbitrators " should not be homologated according to law, and the defendant condemned to pay the plaintiffs $10,000, with legal interest from the 1st of January, 1840, and for the vendor's privilege on the said piece of land, costs, &c.

The city excepted to the petition, as disclosing no cause of action.

This exception being overruled, there was judgment conformable in all respects to the prayer of the petition, and the defendants have appealed.

We find no authority for these anomalous proceedings, and no sufficient allegations in the petition to show a cause of action.

It is not averred that the city ever promised to pay, or even acknowledged this stale demand, nor that the land was taken from the plaintiffs without their acquiescence, or against the laws in force at the time.

The plaintiffs themselves do not appear to understand in what capacity the two gentlemen acted who made an extra judicial report, which they now seek to convert into a judicial decree. There is a wide difference between an expert and an arbitrator, and between both and a commissioner. But, in whatever capacity they acted, their report, under the only resolutions which have been offered in evidence, binds the city to nothing.

Sec. 4 of the Act of April 3d, 1832, (Bul. &. Cur., p. 113,) gives no color to the plaintiffs' claim. It is not shown that any agreement was ever made to pay them a particular price.

If they had a claim, the value of the land now is no criterion of what it was worth in the semi-improved condition of the locality in 1840. The price they gave for it would rather lead us to infer that they willingly abandoned it for the sake of improving the neighborhood.

It is ordered, that the judgment of the District Court be reversed, and the plaintiffs' petition dismissed, they paying costs in both courts.